UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TODD E. LUNT, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:26-cv-00311-JAW |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Respondents | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Petitioner, pursuant to 28 U.S.C. § 2254, seeks relief from state court convictions. (Petition, ECF No. 1.) In response to Petitioner's request, the State asks the Court to dismiss the petition without prejudice based on Petitioner's failure to exhaust the available state court remedies. (Response, ECF No. 10.)

Following a review of the parties' filings and the record, I recommend the Court grant the State's request and dismiss the petition without prejudice.

### FACTUAL BACKGROUND

In November 2023, the State filed a criminal complaint charging Petitioner with one count of operating under the influence in violation of 29-A M.R.S. § 2411(1-A)(D)(2) and one count of violating conditions of release in violation of 15 M.R.S. § 1092(1)(A). (State Court Record at 4, ECF No. 11.) A grand jury indicted Petitioner on the same charges in January 2024. (*Id.* at 21.) After a trial in February 2025, a jury found Petitioner guilty of operating under the influence, and Petitioner pled guilty to violating conditions of release. (*Id.* at 11.) In August 2025, Petitioner was sentenced to five years in prison for operating

under the influence and six months in prison for violating conditions of release, all to be served concurrently. (*Id.* at 18–19.) The Law Court affirmed the judgment in April 2026. (*Id.* at 27–28.)

While the direct appeal was still pending, Petitioner filed the federal habeas petition in the District of Idaho. (Petition, ECF No. 1.) In June 2026, the § 2254 petition was transferred to the District of Maine. (Transfer Order, ECF No. 4.) Later in the same month, Petitioner filed a state petition for postconviction review. (State Court Record at 31–38.) A review of the state court record reveals that as of September 2026, when the State filed its answer to the § 2254 petition and submitted excerpts of the state court record, the state postconviction petition had been assigned to the criminal docket, but further proceedings had not yet occurred. (*Id.* at 30, 39–43.) In October 2026, Petitioner filed a reply memorandum in response to the State's request for dismissal, which reply did not dispute that a state court postconviction proceeding was pending. (Reply, ECF No. 14.)

## DISCUSSION

A person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts will not consider habeas claims on the merits, however, unless several threshold requirements are satisfied. For example, a state prisoner must raise all available claims in a single application rather than in successive petitions, 28 U.S.C. § 2244(b), the federal petition generally must be filed within the federal one-year statute of limitations, *id.* § 2244(d), and a petitioner ordinarily must exhaust all available state

remedies by "fairly present[ing] [each] claim in each appropriate state court (including a state supreme court with powers of discretionary review)," *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quotation marks omitted); 28 U.S.C. § 2254(b) and (c).

Here, the record suggests that Petitioner has not exhausted the available state court remedies for the federal postconviction claims he intends to assert in this action. The State asserted that Petitioner's post-sentencing proceeding is still pending in the Superior Court, the docket records support the State's representation, and Petitioner did not dispute the State's assertion. The fact that the state postconviction petition is still pending in the Superior Court also means that Petitioner has not yet presented his federal claims to the Maine Supreme Judicial Court by seeking a certificate of probable cause to appeal from the Superior Court's postconviction decision, as he must do before a federal court can consider his habeas petition.[1]

Because Petitioner has not exhausted the available state court remedies, dismissal without prejudice is warranted. *See Adelson v. Dipaola*, 131 F.3d 259 (1st Cir. 1997). If Petitioner wishes to preserve his ability to pursue federal habeas relief after completing the state court process, Petitioner should be aware of the one-year statute of limitations for federal habeas applications, *see* 28 U.S.C. § 2244(d), and is advised to be mindful of the types of proceedings that toll the statute of limitations and those that do not, *see, e.g.*,

[1] The petition does not contain any allegations or information to show there is an absence of available State corrective process or that the state process is ineffective to protect Petitioner's rights.

*Duncan v. Walker*, 533 U.S. 167, 181–82 (2001); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. Unless during the period for the filing of objections to this Recommended Decision, Petitioner demonstrates that he has exhausted the state court remedies, I recommend the Court dismiss without prejudice Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2026.